IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00575-BNB

KYLE KOFOED,

      Applicant,

v.

RON WILEY, Warden, Federal Prison Camp,

      Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 2 2 2009

GREGORY C. LANGHAM
CLERK

---

## ORDER OF DISMISSAL

---

Applicant, Kyle Kofoed, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the Federal Prison Camp in Florence, Colorado. Mr. Kofoed initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a supporting affidavit. In an order filed on March 23, 2009, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies. On April 9, 2009, Respondent filed a preliminary response to the habeas corpus application. On April 20, 2009, Mr. Kofoed filed a reply to the preliminary response.

The Court must construe liberally the documents filed by Mr. Kofoed in this action because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However,

the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied and the action dismissed.

Mr. Kofoed is serving a twenty-four-month sentence for his conviction as a felon in possession of a firearm. His projected release date is January 7, 2010, via good-conduct-time release. He challenges a BOP policy that restricts transfers to residential reentry centers to a maximum of twelve months. Specifically, he alleges that he has not been allowed to serve more than six months at a reentry center instead of at the prison camp where he currently is incarcerated. He concedes that he has not exhausted administrative remedies as to his asserted claim, claiming that exceptional circumstances exist to excuse the requirement. Apparently the exceptional circumstance is his scheduled transfer in July 2009 to a reentry center, which he contends will moot the purpose of the instant action.

Respondent argues that Mr. Kofoed does not allege any exceptional circumstances, such as a life-threatening emergency or sensitive issue, that would excuse his failure to exhaust, and that this action should be dismissed for failure to exhaust administrative remedies. The Court agrees. Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986). Furthermore, the exhaustion requirement is satisfied only through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical

procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy procedure is available to Mr. Kofoed. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows an inmate to "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. §§ 542.13 - 542.15.

The BOP administrative remedy procedure provides that informal resolution attempts must be completed and a formal grievance submitted within twenty days after the date on which the basis for the grievance occurred. *See* 28 U.S.C. § 542.14(a). The administrative remedy procedure also provides that a grievance must be submitted to the institution staff member designated to receive grievances, which ordinarily is a correctional counselor. *See* 28 C.F.R. § 542.14(c)(4). Finally, the BOP administrative remedy program provides specific deadlines for submitting regional and national appeals. *See* 28 C.F.R. § 542.15(a). Extensions of time may be granted to file either a grievance or an appeal if "the inmate demonstrates a valid reason for delay." 28 C.F.R. § 542.14(b). "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *See* 28 C.F.R. § 542.18. A grievance or appeal may be rejected

3

for failing to comply with the requirements of the administrative remedy procedure. **See**
28 C.F.R. § 542.17(a).

As previously stated, Mr. Kofoed concedes that he did not exhaust administrative
remedies prior to filing the instant action. The exhaustion requirement may be waived if
exhaustion would be futile. **See Fraley v. U.S. Bureau of Prisons**, 1 F.3d 924, 925
(9th Cir. 1993) (per curiam). However, Mr. Kofoed's speculation that exhaustion would
moot the purpose of the instant action does not excuse the required exhaustion
process. He has not shown affirmatively that exhausting BOP remedies would be
useless. **See Clonce v. Presley**, 640 F.2d 271, 273 (10th Cir. 1981). The Court is not
convinced that exhaustion of administrative remedies would be futile in the instant
action. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is
dismissed without prejudice for failure to exhaust administrative remedies.

DATED at Denver, Colorado, this _21_ day of _____May_____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


**CERTIFICATE OF MAILING**


Civil Action No. 09-cv-00575-BNB

Kyle Kofoed
Reg No. 10349-091
Federal Prison Camp
P.O. Box 5000
Florence, CO 81226-5000

Mark S. Pestal
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**


     I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/22/09

GREGORY C. LANGHAM, CLERK


By: _____
                    Deputy Clerk